UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROGER ANDREW HARTLEY,

    Plaintiff,

v.

D. BRIGHT, et al.,

    Defendants.

Case No. 23-cv-00767-PCP

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND IN PART**

Roger A. Hartley, an inmate at the California Institution for Men in Chino, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Complaint is now before the Court for review under 28 U.S.C. § 1915A. The Complaint is dismissed because Mr. Hartley has not stated a cognizable claim against Dr. Bright, because he has not identified the specific ways in which the other defendants caused him harm, because he has not identified institutional policies responsible for his injuries, and because his request for equitable relief is moot. Dismissal is with leave to amend.

**I.    BACKGROUND**

At all relevant times, Mr. Hartley was incarcerated at Salinas Valley State Prison ("SVSP"). Mr. Hartley "suffers from severe neuropathic pain in his back, legs[,] and feet." Compl. at 3. He represents that, while he was at SVSP, he was denied his desired pain control medication, medical tests, and a special mattress for his back pain. Mr. Hartley contends that the mattress denial was an act of retaliation by Dr. Bright, the Chief Physician and Surgeon of SVSP.

Mr. Hartley attached a medical record to the Complaint. This attachment shows that he was prescribed acetaminophen and topical capsaicin for pain, and that he has a history of substance dependence.

1   In the instant action, Mr. Hartley sues: Dr. Bright; Dr. Kumar, the Chief Medical Executive
2   of SVSP; Warden Allen of SVSP; "Doe Doctors" of SVSP; "Doe Appeals Coordinators" of
3   SVSP; the institution SVSP; Dr. Bick, the director of California Correctional Health Care Services
4   ("CCHCS"); CCHCS as a government department; Kathleen Allison, the then-Secretary of the
5   California Department of Corrections and Rehabilitation ("CDCR"); and up to twenty-five
6   additional Doe Defendants. Compl. at 1, 2.

7   The Complaint seeks damages and injunctive relief.

## II.   LEGAL STANDARD

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.   ANALYSIS

Mr. Hartley' request for injunctive relief is moot because he no longer is incarcerated at SVSP. The California Institution for Men lies in the Central District of California, and is beyond this Court's jurisdiction. 28 U.S.C. § 84(a), (c). To the extent Mr. Hartley seeks an order for specific medical treatment to be provided, he must pursue such relief in the United States District Court for the Central District of California.

Mr. Hartley sues two institutional defendants: SVSP and CCHCS. To impose liability upon those government agencies on the legal theories asserted in the complaint, Mr. Hartley must establish: "(1) that he possessed a constitutional right of which he [] was deprived; (2) that the [agency] had a policy; (3) that this policy amount[ed] to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy [was] the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citations and quotation marks omitted) (explaining how a government agency may be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). If a plaintiff

cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Here, Mr. Hartley has not alleged that the denial of his preferred medical care was pursuant to an official policy or provided facts to show it was a commonly followed practice. Without alleged facts showing that Mr. Hartley's injuries resulted from a policy or common practice, SVSP and CCHCS cannot be held liable. Mr. Hartley may include such alleged facts in an amended complaint should such facts exist.

      Mr. Hartley's claims fail as to Dr. Kumar, Warden Allen, Dr. Bick, and Secretary Allison because he has not identified any way in which these defendants harmed him. Rather, it appears that Mr. Hartley sues these officials merely because they are officials in supervisory positions. "In a § 1983 suit …. each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). Under no circumstances is there liability under section 1983 on the theory that one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983."). It is insufficient for a plaintiff generally to allege that supervisors knew about a constitutional violation and that they generally created policies and procedures that led to the violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). These defendants must be dismissed from this action unless Mr. Hartley can identify in an amended complaint some action each defendant took which caused Mr. Hartley's injury.

      Although Mr. Hartley identified actions taken by Dr. Bright, he fails to state cognizable claims against Dr. Bright. As to the retaliation claim, Mr. Hartley neither identifies his protected conduct, nor explains the connection between that conduct and Dr. Bright's actions. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took

some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

As to the claim for denial of medical care, Mr. Hartley has failed to allege facts showing that Dr. Bright was deliberately indifferent to a serious medical need. Instead, the facts alleged in his complaint and the attachments thereto (which are incorporated by reference) suggest that his claim concerns a difference of opinion regarding medical treatment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment); *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (holding that summary judgment for defendants was properly granted because plaintiff's evidence that a doctor told him surgery was necessary to treat his recurring abscesses showed only a difference of opinion as to proper course of care where prison medical staff treated his recurring abscesses with medicines and hot packs). Mr. Hartley alleges that Dr. Bright failed to provide Mr. Hartley's *preferred* treatment, but the exhibit attached to the complaint (and incorporated therein) shows that Dr. Bright provided *some* treatment. Mr. Hartley's claim thus appears to concern a difference of opinion regarding medical treatment, which does not establish deliberate indifference. Mr. Hartley may be able to cure this defect in an amended complaint by "show[ing] that [Dr. Bright's] chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (second alteration in original).

Finally, Mr. Hartley sued multiple Doe defendants, which is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968). If Mr. Hartley can identify the Doe defendants in his amended complaint, it would greatly expedite this action.

## IV. CONCLUSION

For the forgoing reasons, this action is dismissed with leave to amend *only* as to Mr. Hartley's claims for damages. Dismissal is without leave to amend as to Mr. Hartley's request for injunctive relief.

1    Mr. Hartley may file a FIRST AMENDED COMPLAINT within **thirty-five days** from the
2 date this order is filed. The first amended complaint must include the caption and civil case
3 number used in this order (CV 23-0767-PCP (PR)) and the words FIRST AMENDED
4 COMPLAINT on the first page. If Mr. Hartley files a first amended complaint, he must allege
5 facts that demonstrate he is entitled to relief. An amended complaint supersedes the original
6 complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff
7 waives all causes of action alleged in the original complaint which are not alleged in the amended
8 complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (where an amended
9 complaint did not name all the defendants to an action, they were no longer defendants).

**Failure to file an amended complaint within thirty-five days and in accordance with this order may result in a finding that further leave to amend would be futile, and this action will be dismissed.**

It is Mr. Hartley's responsibility to prosecute this case. Mr. Hartley must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: December 21, 2023

_____
P. CASEY PITTS
United States District Judge