1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7   ROGER ANDREW HARTLEY,                    Case No. 23-cv-00767-PCP

8                  Plaintiff,

9            v.                             **ORDER OF DISMISSAL**

10  D. BRIGHT, et al.,

11                 Defendants.

12

13          On or after February 1, 2023, Roger A. Hartley, an inmate at the California Institution for

14  Men in Chino, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983. *See* Dkt. No.

15  1 at 3 (signing and dating the Complaint on that date); *see also Houston v. Lack*, 487 U.S. 266

16  (1988) (announcing the mailbox rule for prisoners). The Court dismissed the complaint with leave

17  to amend. *See* Dkt. No. 15. Mr. Harley has filed an Amended Complaint, Dkt. No. 16, which is

18  before the Court for review under 28 U.S.C. § 1915A.

19          The Amended Complaint and the exhibits thereto show that Mr. Hartley's claim is time-

20  barred. This lawsuit therefore is DISMISSED with prejudice.

21  **I.      Legal Standard**

22          Federal courts must screen any case in which a prisoner seeks redress from a governmental

23  entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must

24  identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim

25  upon which relief may be granted, or seek monetary relief from a defendant immune from such

26  relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v.*

27  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

## II.    Analysis

Section 1983 "borrows" a statute of limitations from the forum state's statute of limitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 278–80 (1985). Here, that statute of limitations is two years. *See* Cal. Code Civ. Proc. § 335.1. Where the plaintiff is incarcerated, California tolls the statute of limitations for an additional two years. *See* Cal. Civ. Proc. Code § 352.1(a). Thus, an inmate has four years to bring a § 1983 claim for damages in California. "[T]he touchstone for determining the commencement of the limitations period is notice: 'a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006).

Mr. Hartley complains that he was denied certain bedding—an extra mattress, an egg crate mattress, and a special pillow—which would have helped his back pain. *See* Am. Compl. at 3. He explains that he was issued this bedding in 2011, but it was later taken away. *See id*. Mr. Hartley reveals, and his medical records confirm, that this bedding was taken away no later than December 23, 2013. *See id*.; *see also id.,* Ex. B at 43.[1] The exhibits show that Mr. Hartley protested the removal of this bedding at that time, *see id*., and so he was aware of it. The statute of limitations therefore began to run on December 23, 2013, and expired December 23, 2017—more than five years before Mr. Hartley filed this lawsuit.

Mr. Hartley also complains that he was denied gabapentin, which helped with his back pain. *See* Am. Compl. at 3. His medical records reveal that he initially was prescribed gabapentin in 2011, and that prescription was discontinued January 9, 2013. *See id*. at 81. Mr. Hartley's records also show that he filed an administrative grievance regarding medical staff's decision to discontinue gabapentin, and this grievance was fully exhausted by October 15, 2013. *See id*. at 84. The claim therefore accrued on that date, and the statute of limitations expired on October 15, 2017—more than five years before Mr. Hartley filed this lawsuit.

Because all of Mr. Hartley's claims were filed more than five years after the statute of limitations expired, they are time-barred and further amendment would be futile. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 718 & n.20 (9th Cir. 2003) (affirming dismissal with prejudice

---

[1] The Court uses the page numbers applied by the Case Management/Electronic Case Files system.

because "amendment would be futile," where statute of limitations on a claim ran before the complaint was filed); *see also Badwi v. Johnson*, 285 F. App'x 378 (9th Cir. 2008) (same, where prisoner failed to file his complaint within the statute of limitations).

For Mr. Hartley's benefit, the Court clarifies that this dismissal only affects his claim for damages stemming from the denial of gabapentin and special bedding when he was at SVSP. In the Court's prior order, the Court informed Mr. Hartley that any request for injunctive relief was moot because he was no longer incarcerated at SVSP. *See* Dkt. No. 15 at 2. This dismissal of time-barred claims has no effect on any claims for prospective relief that Mr. Hartley may wish to file, because those claims are not at issue in this lawsuit. As the Court stated in its prior order, lawsuits to enforce current or future accommodations should be filed in the United States District Court for the Central District of California, because he now is incarcerated in that District. *See id.*

### III.    Conclusion

The Amended Complaint states only time-barred claims. The defects are not curable on amendment, so this action is DISMISSED.

Dismissal is with prejudice. This dismissal does not affect Mr. Hartley's ability to file a lawsuit in the Central District regarding the conditions of his confinement at his current institution.

The Clerk shall close the file.


**IT IS SO ORDERED.**

Dated: April 9, 2025


_____
P. Casey Pitts
United States District Judge