United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROGER ANDREW HARTLEY,
Plaintiff,

v.

D. BRIGHT,
Defendant.

Case No. 23-cv-00767-PCP

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION BUT GRANTING PLAINTIFF LIMITED LEAVE TO AMEND; DENYING PLAINTIFF'S DISCOVERY, SANCTIONS, COUNSEL, PRE-TRIAL, AND DEFAULT JUDGMENT MOTIONS; GRANTING DEFENDANT'S DISCOVERY MOTION; VACATING PLAINTIFF'S SUMMARY JUDGMENT MOTION AND ALL SCHEDULING MOTIONS**

Re: Dkt. No. 32, 37, 38, 40, 43, 44, 47, 49, 50, 53, 54, 59

Roger Hartley, an inmate at the California Institute for Men in Chino, California, filed this pro se civil rights action under 42 U.S.C. § 1983 regarding events that occurred at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. The Court concluded that Mr. Hartley's original complaint failed to state any claim and dismissed with leave to amend as to some defendants. Dkt. No. 15. The Court specifically noted that Mr. Hartley could not hold any institutional defendant liable because he had failed to identify an institutional policy or practice which had caused his injuries. *See id*. at 2–3.

Mr. Hartley filed a first amended complaint that suggested that his claims were time-barred. Dkt. No. 16. The Court accordingly dismissed the action entirely. Dkt. No. 19. Mr. Hartley moved to re-open the case, introducing new facts that he alleged caused his claims to arise more recently than his first amended complaint had stated. Dkt. No. 21. The Court reopened this action

and instructed Mr. Hartley to allege facts in the pleading showing that he was entitled to relief. Dkt. No. 25.

Mr. Hartley filed a second amended complaint. Dkt. No. 26 ("SAC"). The Court concluded that, when very liberally construed, Mr. Hartley had stated a cognizable Eighth Amendment claim against defendant Dr. Bright. Dkt. No. 31 ("Service Order"). The Court noted that Mr. Hartley had again failed to identify any policy or practice of the named institutional defendant, California Correctional Health Care Services ("CCHCS"), and dismissed that defendant from this action. *See id*.

**ANALYSIS**

**I. Letters versus Motions**

Mr. Hartley has filed numerous letters with the Court complaining of his frustrations with the litigation process and seeking assistance from the Clerk of the Court. *See* Dkt. Nos. 34, 36, 46, 51, 52, 58, 61, 63. Where Mr. Hartley requires administrative assistance from the Clerk's Office, such as his multiple requests for copies of the docket, a letter addressed to the Clerk is an appropriate filing. The Court reiterates for Mr. Hartley's benefit that it will not address requests made in letters. *Cf.* Dkt. No. 25 (explaining that Mr. Hartley should have filed a motion to reconsider a court order, rather than complaining in a letter about the order). If Mr. Hartley wishes the undersigned to rule on any request, **that request must be made in a motion**.

**II. Reconsideration and Amendment**

Mr. Hartley moved for reconsideration of the Court's Service Order to the extent that it dismissed CCHCS from this action. Dkt. No. 32. The Court concludes that reconsideration is not warranted because nowhere in Mr. Hartley's SAC does he identify a policy or practice of CCHCS that caused him harm. Even in his motion for reconsideration, Mr. Hartley cites a handful of passing references to a "policy" scattered among the 137 pages of exhibits that were attached to the SAC, rather than pointing to a statement within the SAC. *See id*. Passing references to a policy buried in the administrative record do not satisfy Mr. Hartley's pleading burden, and "'[j]udges are not like pigs, hunting for truffles buried [in the record]'" in order to salvage a litigant's arguments. *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024) (quoting *Gross v. Cicero*, 619 F.3d 697, 702

(2010)). Because the SAC did not mention a CCHCS policy at all, much less show that such a policy was the cause of Mr. Hartley's injury, the Court concludes that Mr. Hartley is not entitled to reconsideration.

The Court is mindful, however, of its obligation to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Mr. Hartley has not demonstrated that justice requires amendment here, the Court notes that defendants did not file an opposition or any response to Mr. Hartley's reconsideration motion, nor have defendants yet filed their dispositive motion. *See generally* Dkt. The Court will therefore allow Mr. Hartley **one final chance** to amend his pleadings.

Mr. Hartley's Third Amended Complaint is due no later than **September 4, 2026**. The current briefing schedule is VACATED.

If Mr. Hartley chooses to file a Third Amended Complaint, it should restate his two Eighth Amendment medical-needs claims against Dr. Bright, based on the denials of an egg crate mattress and of gabapentin, and should identify a CCHCS policy that gave rise to one or both of those medical-needs claims. Mr. Hartley may not add any other claims or defendants. Mr. Hartley must truthfully provide facts to support his claims.

If Mr. Hartley concludes that he cannot truthfully support an Eighth Amendment claim against CCHCS, he may dismiss that institutional defendant from this action and elect to stand on the claim raised against Dr. Bright in the SAC. In that event, the Court will establish a new briefing schedule. If Mr. Hartley chooses this course of action, he must notify the Court of his decision no later than **September 4, 2026**.

## III. Discovery and Sanctions

Mr. Hartley has filed multiple motions protesting defendant's attempt to conduct discovery. Dkt. Nos. 37, 40, 48, 49 (seeking sanctions), 53 (seeking default judgment).[1] These

[1] Mr. Hartley is advised that filing meritless and harassing motions does not help his case. *Cf. Sivak v. Murphy*, 995 F.2d 233 n.1 (9th Cir. 1993) ("If Sivak suffers a serious deprivation of his constitutional rights in prison some day, he may not be able to convince the magistrate, the district court or this court of this fact because of his incessant litigation over relatively trivial matters. Cf. Aesop's Fables, 'The Boy Who Cried Wolf.'").

motions do not express a clear request for relief or clearly state what has perturbed Mr. Hartley. *See generally id*.

In response to Mr. Hartley's discovery motions, defendant notes that Mr. Hartley failed to meet and confer before seeking assistance from the Court, as required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a) (1); *see also* Dkt. No. 45 (explaining plaintiff did not meet and confer). Even if Mr. Hartley's discovery motions were comprehensible, which they are not, his failure to comply with this threshold requirement would be fatal to his requests. Mr. Hartley's discovery motions thus all are DENIED.

Mr. Hartley appears to be under the misapprehension that this Court forbade discovery. *See,* Dkt. No. 49 at 2 (arguing that defendant should be sanctioned for "trying to conduct discovery"), Dkt. No. 53 (arguing that default should be entered against defendant because defendant conducted discovery). Not so. Rather, the Court expressly stated in the Service Order that the parties could conduct discovery on their own, without first seeking intervention from the Court. *See* Dkt. No. 31 at 7. Mr. Hartley's requests that the Court sanction defendant and enter default against defendant for conducting discovery thus are DENIED.

Defendant explains that Mr. Hartley has refused to respond to interrogatories and requests for production and admission, or to sit for a deposition. *See* Dkt. No. 54 (detailing Mr. Hartley's recalcitrance). Defendant also explains that defense counsel attempted to meet and confer with Mr. Hartley before seeking Court assistance. *See id*. Mr. Hartley is reminded that the Federal Rules of Civil Procedure require him to cooperate in defendant's attempts to conduct discovery. *See* Fed. R. Civ. P. 37. Mr. Hartley is warned that if he fails to cooperate in defendant's attempts to conduct discovery, defendant may move for sanctions up to and including dismissal of this entire lawsuit. *See* Fed. R. Civ. P. 37(b)(2)(A) (listing the possible sanctions for failure to cooperate in the discovery process following a court order).

For these reasons, all of Mr. Hartley's discovery-related motions are DENIED. Dkt. Nos. 37, 40, 48, 49, 53. Defendant's motion to compel is GRANTED. Dkt. No. 54.

## IV. Counsel Motion

The Court notes that Mr. Hartley has filed a third request for appointment of pro bono

counsel. Dkt. No. 38. Mr. Hartley filed two previous motions for appointment of pro bono counsel, Dkt. Nos. 3, 27, both of which were denied, Dkt. Nos. 6, 31.

For the third time, Mr. Hartley has failed to show that pro bono counsel is warranted. The decision to request counsel to represent an indigent litigant is within "the sound discretion of the trial court." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Courts exercising this discretion consider, among other things, whether the plaintiff is likely to succeed on the merits and whether his legal claim is particularly complex. *See Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither is true here: Mr. Hartley's medical needs claims are well within the Court's experience, and they do not appear particularly likely to succeed. Accordingly, the Court concludes that pro bono counsel is not warranted.

Mr. Hartley's request for counsel is denied without prejudice to the Court's *sua sponte* appointment of counsel at a future date. For example, if Mr. Hartley's claim(s) survive(s) both a summary judgment motion and a round of settlement negotiations, then the Court may *sua sponte* consider whether pro bono counsel should be appointed before the Court sets the case for trial.

**V. Next Steps and Schedule**

Mr. Hartley has moved for summary judgment. Dkt. No. 43. Because Mr. Hartley is being given leave to amend, this motion is premature. Mr. Hartley's summary judgment motion accordingly is VACATED. Mr. Hartley's request to compel a pretrial conference likewise is premature and is DENIED. Dkt. No. 47.

Defendants have filed two motions regarding the briefing schedule. Dkt. Nos. 50, 59. Mr. Hartley also filed a motion seeking vacatur of an earlier extension granted to defendant. Dkt. No. 44. Because the current briefing schedule has been vacated, these motions are DENIED AS MOOT. The Court will establish a new briefing schedule after it screens Mr. Hartley's Third Amended Complaint or receives his notice that he intends to stand on his SAC against Dr. Bright only.

**IT IS SO ORDERED.**

Dated: July 28, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California